THE STATE OF MISSOURI, Respondent, *v.* GEORGE DUBOIS, Appellant.

1. *Criminal law — Possession of burglarious tools after commission of crime — Proof touching, withdrawal of.*— In an indictment for burglary, proof showing that burglarious tools were found in the trunk of defendant eight days after commission of the felony, in connection with other testimony showing his guilt, is competent; and where the evidence *aliunde* is ample to convict, the withdrawal of such proof from the jury is not an error of which the defendant can avail himself.

*Appeal from St. Louis Criminal Court.*

*Voullaire*, for appellant.

*Baker*, Attorney-General, and *C. P. Johnson*, Circuit Attorney, for respondent.

ADAMS, Judge, delivered the opinion of the court.

The defendant was indicted and tried for burglary and grand larceny. It was admitted that the burglary and larceny had been committed, but defendant denied that he was the guilty party. It was shown that the door of the house where the burglary and larceny were committed had been broken open with burglarious tools. As part of the evidence to identify the prisoner as the party guilty, the State gave evidence that burglars' tools were found in a trunk belonging to the defendant, or in his possession, with some

of his clothes in it. These tools were found there eight days after the crime was committed, and were produced in court and shown to the jury. The defendant objected to this evidence, but the court permitted it to be given. After the case was closed, the court, by instruction, withdrew all the evidence regarding the burglars' tools from the jury. There was ample evidence before the jury to identify the defendant as the guilty party without referring to the burglars' tools. The withdrawal of this evidence, if it had any effect at all, was in favor of the defendant. In our view of the case this evidence was, in the first place, properly admitted, and its withdrawal was an error of which the defendant cannot complain.

The defendant also objects that one of the jurors was rendered incompetent by reason of the illness of his wife, which occurred during the trial, and in support of his motion for a new trial, filed the affidavit of this juror. This affidavit, however, instead of proving the incompetency of the juror, shows that his mind was perfectly clear, and that he was satisfied with the verdict. We have examined the record and find nothing in it to reverse the judgment.

Judgment affirmed. The other judges concur.